**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **E-Micro Corporation,** | § | |
|     *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | |
| **Google, Inc., Samsung Electronics Co.,** | § | Civil Action No. 6:11-CV-465 |
| **Ltd., Samsung Electronics America, Inc.,** | § | |
| **Samsung Telecommunications America,** | § | Jury Trial Demanded |
| **L.L.C., Sprint Nextel Corporation, Sprint** | § | |
| **Spectrum L.P., Nextel Operations, Inc.,** | § | |
| **Sprint Solutions, Inc., Amazon.com, Inc.,** | § | |
| **Best Buy Co., Inc., and BBY Solutions,** | § | |
| **Inc.,** | § | |
|     *Defendants*. | § | |

---

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

---

Plaintiff E-Micro Corporation ("E-Micro" or "Plaintiff") hereby alleges for this Original

Complaint against Defendants Google, Inc. ("Google"), Samsung Electronics Co., Ltd.

("Samsung"), Samsung Electronics America, Inc. ("Samsung-America"), Samsung

Telecommunications America, L.L.C. ("Samsung Telecom-America"), Sprint Nextel

Corporation ("Sprint Nextel"), Sprint Spectrum L.P. ("Sprint Spectrum"), Nextel Operations,

Inc. ("Nextel Operations"), Sprint Solutions, Inc. ("Sprint Solutions"), Amazon.com, Inc.

("Amazon"), Best Buy Co., Inc. ("Best Buy"), and BBY Solutions, Inc. ("BBY") (hereinafter

collectively, "Defendants") on personal knowledge of its own actions and on information and

belief as to the actions of others, as follows:

## THE NATURE OF THE ACTION

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

2.      Plaintiff E-Micro is a small Texas-based intellectual property development and licensing company founded in 1998 by its President, Frank J. Gangi, who is the sole inventor of the patents at issue in this action. Frank J. Gangi has an extensive retailing background and has held executive management, financial, and financial management positions with some of America's most well known companies including 7-Eleven (Southland Corporation), where he was Chief Financial Officer; American Express; The Singer Company; Johnson & Johnson; and IBM Corporation.

3.      E-Micro's intellectual property portfolio contains eleven duly issued, valid, and enforceable United States Patents; all of which were issued to Frank J. Gangi and have been assigned by him to E-Micro. The patents at issue in this action are three of E-Micro's "Wallet Consolidator" patents, which reflect the advantages of having a single electronic device for "consolidating the various cards, and other types of information, which individuals typically carry in a wallet or purse," as explained in the Background of the Invention section of the asserted patents. Specifically, the asserted and infringed patents relate to devices and methods for electronically storing and retrieving information pertaining to electronic commerce and consumer identification (e.g., credit cards, debit cards, electronic coupons, identification cards, and other selected data) for facilitating point-of-sale transactions. The terms "digital wallet" and "e-wallet" are also used generally to describe this technology.

4.      In this action, the Defendants are accused of past and ongoing direct and indirect infringement of U.S. Patent No. 7,349,885, entitled "Wallet consolidator and related methods of

processing a transaction using a wallet consolidator," issued March 25, 2008; U.S. Patent No. 7,708,198, entitled "Wallet consolidator to facilitate a transaction," issued May 4, 2010; and U.S. Patent No. 7,712,658, entitled "Wallet consolidator and related methods of processing a transaction using a wallet consolidator," issued May 11, 2010. Although not presently asserted in this action, the first in E-Micro's "Wallet Consolidator" series of patents is U.S. Patent No. 6,131, 811, entitled "Wallet Consolidator," issued on October 17, 2000.

5.      The Defendants have in the past and continue to use, sell, offer to sell, and/or import within the United States devices and methods that infringe E-Micro's Asserted Patents. The Defendants' infringement has been willful and is ongoing. Among the principal infringers are defendants Google and Samsung. For example, Google and Samsung jointly developed the accused infringing Samsung Nexus S 4G from Google ("Samsung Nexus S 4G") mobile phone, which uses the accused infringing Google Wallet software application for Android operating system-based devices for electronically storing and retrieving information from credit cards, debit cards, and electronic coupons for performing transactions with point-of-sale terminals via wireless radio-frequency technology called near field communication ("NFC").[1]  The transaction is made by positioning the phone on or very close over the point-of-sale terminal so that the phone can communicate the necessary stored card information to the terminal.

6.      The activities of Google, Samsung, and their co-defendants infringe one or more claims in each of the Patents-in-Suit. By this action, E-Micro seeks to put a stop to the Defendants' illegal conduct and obtain compensation for the Defendants' past and ongoing

---

[1] Google touts, "Google Wallet is an Android app that makes your phone your wallet. It stores virtual versions of your existing plastic cards on your phone. Simply tap your phone to pay and redeem offers using near field communication, or NFC . . . It will eventually hold many if not all of the cards you keep in your leather wallet today." See http://www.google.com/wallet/vision.html (accessed Sept. 8, 2011).

violations. E-Micro's small size and limited resources do not mean that the Defendants, worth billions of dollars and employing thousands of people, should be allowed to continue using E-Micro's patented technology without E-Micro's permission and without justly compensating E-Micro. Frank J. Gangi's inventions are no less novel and no less useful because he is an individual inventor and not an employee of a multi-billion-dollar company. America was built on the back of small companies like E-Micro and the creative achievements of individuals like Mr. Gangi. E-Micro's intellectual property rights should not be violated by anyone, particularly major corporations such as the Defendants, who have benefitted from their unauthorized and past and ongoing use of E-Micro's inventions.

## THE PARTIES

7.      Plaintiff **E-Micro Corporation ("E-Micro" or "Plaintiff")** is a corporation duly organized and existing under the laws of the State of Texas that maintains its principal place of business at 941 Patrician Court, Fairview, TX 75069, which is located within the Eastern District of Texas. Since the beginning of its existence in 1998, E-Micro has maintained its principal place of business in the Eastern District of Texas. E-Micro's sole founder and President, Frank J. Gangi, currently resides in and has maintained residency within the Eastern District of Texas since at least as early as 1998.

8.      Defendant **Google, Inc. ("Google")** is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 9404. Google may be served via its registered agent, Corporation Service Company (d/b/a "CSC-Lawyers Incorporating Service Company"), 211 East 7th Street, Suite 620, Austin, TX  78701. On information and belief, Google designed, developed, made, used, and distributed the Google Wallet application for Android operating system-based

mobile phones. On information and belief, Google recruited and induced the Samsung and Sprint defendants and MasterCard Worldwide ("MasterCard") and First Data Corporation ("First Data") to be partners with Google in the Google Wallet payments ecosystem. On information and belief, Google develops and distributes the Android operating system to mobile phone original equipment manufacturers ("OEMs") such as Samsung for installation on mobile phones such as the Samsung Nexus S 4G. On information and belief, Google actively encourages OEMs to use the Android operating system because Google expects and has benefitted from increased use of Google Search and other Google-distributed applications installed or made available on those Android phones, which generates additional and substantial advertising revenue for Google. On information and belief, Google Wallet is among the Android applications that Google expects to and has benefitted from the aforementioned revenue model. On information and belief, Google does business throughout this judicial district and throughout the United States.

9.      Defendant **Samsung Electronics Co., Ltd. ("Samsung")** is a Korean corporation organized and existing under the laws of the Republic of Korea with its principal place of business at 250, 2-ga, Taepyong-ro, Jung-gu, Seoul 100-742, South Korea. On information and belief, Samsung is South Korea's largest company and one of Asia's largest electronics companies. Samsung designs, manufactures, and provides to the U.S. and world markets a wide range of products, including consumer electronics, computer components and various mobile and entertainment products. On information and belief, Samsung does business throughout this judicial district and throughout the United States.

10.     Defendant **Samsung Electronics America, Inc. ("Samsung-America")** is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park,

NJ 07660-2101. Samsung-America may be served via its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, TX  75201-4234. On information and belief, Samsung-America was formed in 1977 as a subsidiary of Samsung, and markets, sells, or offers for sale a variety of consumer electronics, including TVs, VCRs, DVDs, and MP3 players, and video cameras, as well as memory chips and computer accessories, such as printers, monitors, hard disk drives, and DVD/CD-ROM drives. On information and belief, Samsung-America also manages the North American operations of Samsung Telecommunications America, Samsung Electronics Canada, and Samsung Electronics Mexico. On information and belief, Samsung-America does business throughout this judicial district and throughout the United States.

11.     Defendant **Samsung Telecommunications America, L.L.C. ("Samsung Telecom-America")** is a Delaware limited liability company with its principal place of business at 1301 East Lookout Drive, Richardson, TX  75082, which on information and belief, is within the Eastern District of Texas. Samsung Telecom-America may be served via its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX  78701-3218. On information and belief, Samsung Telecom-America was founded in 1996 as a subsidiary of Samsung, and markets, sells, or offers for sale a variety of personal and business communications devices in the United States, including cell phones. On information and belief, Samsung Telecom-America does business throughout this judicial district and throughout the United States.

12.     Defendants Samsung, Samsung-America, and Samsung Telecom-America together are hereinafter referred to as the **"Samsung Defendants."**

13.     Defendant **Sprint Nextel Corporation ("Sprint Nextel")** is a Kansas corporation with its principal place of business at 6500 Sprint Parkway, Overland Park, KS 66251. Sprint

Nextel may be served via its registered agent, Corporation Service Company, 200 SW 30th St., Topeka, KS  66611. On information and belief, Sprint Nextel does business throughout this judicial district and throughout the United States.

14.     Defendant **Sprint Spectrum L.P. ("Sprint Spectrum")** is a Delaware limited partnership with its principal place of business at 6500 Sprint Parkway, Overland Park, KS 66251. Sprint Spectrum may be served via its registered agent, Corporation Service Company, 211 East 7th St., Suite 620, Austin, TX  78701-3218. On information and belief, Sprint Spectrum does business throughout this judicial district and throughout the United States. On information and belief, Sprint Spectrum L.P. operates as a subsidiary of Sprint Spectrum Holding Company, L.P.  On information and belief, Sprint L.P. provides landline and wireless communication and telephone services.

15.     Defendant **Nextel Operations, Inc. ("Nextel Operations")** is a Delaware corporation with its principal place of business at 6500 Sprint Parkway HL 5A, Overland, KS 66251 and may be served via its registered agent, Corporation Service Company, 200 SW 30th St., Topeka, KS 66611. On information and belief, Nextel does business throughout this judicial district and throughout the United States.

16.     Defendant **Sprint Solutions, Inc. ("Sprint Solutions")** is a Delaware corporation with its principal place of business at 701 Brazos St., Suite 1050, Austin, TX  78701, and may be served via its registered agent, Corporation Service Company, 211 East 7th St., Suite 620, Austin, TX  78701. On information and belief, Sprint Solutions does business throughout this judicial district and throughout the United States.

17.     Defendants Sprint Nextel, Sprint Spectrum, Nextel Operations, and Sprint Solutions together are hereinafter referred to as the **"Sprint Defendants."**

18.     Defendant **Amazon.com, Inc. ("Amazon")** is a Delaware corporation with its principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, WA  98144, and may be served via its registered agent, Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, WA  98501. On information and belief, Amazon does business throughout this judicial district and throughout the United States and transacted business in this district including, more specifically, directly and/or through intermediaries, shipping, distributing, offering for sale, selling, and/or advertising (including via the provision of such services over the Internet) each of its products and services in the State of Texas.

19.     Defendant **Best Buy Co., Inc. ("Best Buy")** is a Minnesota corporation with its principal place of business at 7601 Penn Avenue South, Richfield, MN  55423, and may be served via its registered agent, CT Corporation System, Inc., 100 South 5th Street, Suite 1075, Minneapolis, MN  55402. On information and belief, Best Buy does business throughout this judicial district and throughout the United States and transacted business in this district including, more specifically, directly and/or through intermediaries, shipping, distributing, offering for sale, selling, and/or advertising (including via the provision of such services over the Internet) each of its products and services in the State of Texas.

20.     Defendant **BBY Solutions, Inc. d/b/a Best Buy ("BBY")** is a Minnesota corporation with its principal place of business at 7601 Penn Avenue South, Richfield, MN 55423 and may be served via its registered agent, CT Corporation System, Inc., 100 South 5th Street, Suite 1075, Minneapolis, MN  55402. On information and belief, BBY does business throughout this judicial district and throughout the United States and transacted business in this district including, more specifically, directly and/or through intermediaries, shipping,

distributing, offering for sale, selling, and/or advertising (including via the provision of such services over the Internet) each of its products and services in the State of Texas.

21.    Defendants Best Buy and BBY together are hereinafter referred to as the **"Best Buy Defendants."**

22.    Defendants Google, Samsung Defendants, Sprint Defendants, Amazon, and Best Buy Defendants together are hereinafter referred to as the **"Defendants."**

## JURISDICTION AND VENUE

23.    E-Micro incorporates and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

24.    This action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code.  The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction) and § 1338 (jurisdiction over patent actions).

25.    On information and belief, this Court has personal jurisdiction over each Defendant because each has committed and continues to commit acts of infringement within the State of Texas and within this District, and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of Texas, including in this District. The acts by each Defendant causes injury to E-Micro within this District. On information and belief, the Defendants derive revenue from the use and sale of infringing products within this District, expect their actions to have consequences within this District, and derive substantial revenue from interstate and international commerce. On information and belief, the Defendants have sufficient minimum contacts within the forum and each Defendant does substantial, continuous and systematic business in the State of Texas,

including the Eastern District of Texas, and have purposefully directed activities to residents of the State of Texas. On information and belief, Samsung Telecom-America has its principal place of business within the Eastern District of Texas.

26.     Venue is proper in this Court under 28 U.S.C. § 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b), for the reasons set forth above and herein. E-Micro is and has been located in the Eastern District of Texas since 1998. Also, on information and belief, Samsung Telecom-America has its principal place of business within the Eastern District of Texas.

## E-MICRO'S ASSERTED PATENTS

27.     E-Micro incorporates and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

28.     E-Micro and inventor Frank J. Gangi have protected E-Micro's innovative technologies through intellectual property rights in the form of utility patents awarded by the United States Patents and Trademark Office. Among these utility patents are the "Wallet Consolidator" series of patents relating to to devices and methods for electronically storing and retrieving information pertaining to electronic commerce and consumer identification (e.g., credit cards, debit cards, electronic coupons, identification cards, and other selected data) for facilitating point-of-sale transactions. The terms "digital wallet" and "e-wallet" are also used generally to describe this technology.

29.     Through this civil action, E-Micro asserts direct, indirect, and willful infringement of one or more claims in each of the following "Wallet Consolidator" patents:

> a)     U.S. Patent No. 7,349,885, entitled "Wallet consolidator and related methods of processing a transaction using a wallet consolidator" ("'885 Patent");

b)      U.S. Patent No. 7,708,198, entitled "Wallet consolidator to facilitate a transaction" ("'198 Patent");

c)      U.S. Patent No. 7,712,658, entitled "Wallet consolidator and related methods of processing a transaction using a wallet consolidator" ("'658 Patent")

30.     The preceding list of asserted patents together shall hereinafter be referred to collectively as the "Patents-in-Suit" or "Asserted Patents."

31.     The '885 Patent, entitled "Wallet consolidator and related methods of processing a transaction using a wallet consolidator," was duly and legally issued by the U.S. Patent and Trademark Office to E-Micro's founder and President, Frank J. Gangi on March 25, 2008 after full and fair examination. The '885 Patent issued from U.S. Patent Application Serial No. 09/923,617 filed on August 6, 2001. A true and correct copy of the '885 Patent is attached hereto as Exhibit A.

32.     The '198 Patent, entitled "Wallet consolidator to facilitate a transaction," was duly and legally issued by the U.S. Patent and Trademark Office to E-Micro's founder and President, Frank J. Gangi on May 4, 2010 after full and fair examination. The '198 Patent issued from U.S. Patent Application Serial No. 11/931,479 filed on October 31, 2007. A true and correct copy of the '198 Patent is attached hereto as Exhibit B.

33.     The '658 Patent, entitled "Wallet consolidator and related methods of processing a transaction using a wallet consolidator," was duly and legally issued by the U.S. Patent and Trademark Office to E-Micro's founder and President, Frank J. Gangi on May 11, 2010 after full and fair examination. The '658 Patent issued from U.S. Patent Application Serial No. 11/932,049

filed on October 31, 2007. A true and correct copy of the '658 Patent is attached hereto as Exhibit C.

34.     E-Micro is the owner as assignee of all rights, title, and interest in and under each of the Patents-in-Suit.

35.     E-Micro has standing to sue for infringement of each of the Patents-in-Suit.

36.     E-Micro does not currently manufacture or sell any products embodying any claims of the Asserted Patents and thus, no marking is currently required. Each of E-Micro's patents have been and continue to be listed on E-Micro's corporate website. Indeed, on information and belief, Google viewed E-Micro's web site and certain of E-Micro's patents at least as early as September 2007 and on subsequent occasions before the filing of this action. It was only after having viewed E-Micro's web site and certain of E-Micro's patents, including the very first "Wallet Consolidator" patent – U.S. Patent No. 6,131,811, that Google then later introduced the Google Wallet application for electronically storing and retrieving credit card and other card-related information for facilitating point-of-sale transactions. Rather than innovate and develop their own technology, Google and its co-defendants chose to copy E-Micro's technology.

### E-MICRO AND INVENTOR FRANK J. GANGI

37.     E-Micro incorporates and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

38.     E-Micro Corporation is a small Texas-based intellectual property development and licensing company founded in 1998 by its President, Frank J. Gangi, who is the sole inventor of the patents at issue in this action. E-Micro's intellectual property portfolio contains multiple duly issued, valid, and enforceable United States Patents including the patents at issue in this

action, which relate to "wallet consolidator" devices and methods for electronically storing and retrieving information pertaining to electronic commerce and consumer identification (e.g., credit cards, debit cards, electronic coupons, identification cards, and other selected data) for facilitating point-of-sale transactions. E-Micro and Mr. Gangi currently reside in and have maintained residency within the Eastern District of Texas since at least as early as 1998.

39.     Frank J. Gangi has an extensive retailing background and has held executive management, financial and financial management positions with some of America's most well known companies including 7-Eleven (Southland Corporation), where he was Chief Financial Officer; American Express; The Singer Company; Johnson & Johnson; and IBM Corporation. Mr. Gangi is a graduate of Fairleigh Dickinson University where he received a Bachelor of Science degree in Accounting and Seton Hall University where he received a Master of Business Administration degree in Finance.

## COUNT I

## DEFENDANTS' DIRECT INFRINGEMENT OF THE '885 PATENT

40.     E-Micro incorporates and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

41.     Each Defendant named in this lawsuit is liable for infringing one or more claims of the '885 Patent. None of the Defendants have obtained permission from E-Micro to use its inventions in the '885 Patent.

**Google's Infringement of the '885 Patent**

42.     Defendant Google has willfully infringed and continues to willfully infringe (literally and/or under the doctrine of equivalents) one or more claims of the '885 Patent by, without limitation, using the Samsung Nexus S 4G mobile phone and the Google Wallet

application. Google's infringing uses include, but are not limited to, using the Nexus S 4G mobile phone and the Google Wallet application for testing, demonstration, marketing, and/or other purposes. For example, one such infringing use was conducted by a senior Google executive, Osama Bedier, publicly on May 26, 2011 at the Google Wallet Product Launch event before an audience that included Google's current and potential future partners as shown on a video uploaded to YouTube by Google at http://www.youtube.com/watch?v=am8t6iZ7up0. On information and belief, Google's infringing acts are covered by, without limitation, claims 1 and 14 of the '885 Patent. Google's infringement of the '885 Patent has caused substantial damage to E-Micro. Google's infringing activities violate 35 U.S.C. § 271.

**Samsung Defendants' Infringement of the '885 Patent**

43.    The Samsung Defendants have infringed and continue to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '885 Patent by, without limitation, using the Samsung Nexus S 4G mobile phone and the Google Wallet application. The Samsung Defendants' infringing uses include, but are not limited to, using the Nexus S 4G mobile phone and the Google Wallet application for testing, demonstration, marketing, and/or other purposes. Also, the Samsung Defendants have infringed and continues to infringe (literally and/or under the doctrine of equivalents) by selling, offering to sell, and/or importing the Samsung Nexus S 4G phone. Their infringing acts are covered by, without limitation, claims 1 and 14 of the '885 Patent. The Samsung Defendants' willful infringement of the '885 Patent has caused substantial damage to E-Micro. The Samsung Defendants' infringing activities violate 35 U.S.C. § 271.

**Sprint Defendants' Infringement of the '885 Patent**

44.    The Sprint Defendants have infringed and continue to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '885 Patent by, without limitation,

using the Samsung Nexus S 4G mobile phone and the Google Wallet application. The Sprint Defendants' infringing uses include, but are not limited to, using the Nexus S 4G mobile phone and the Google Wallet application for testing, demonstration, marketing, and other purposes. Also, the Sprint Defendants have infringed and continues to infringe (literally and/or under the doctrine of equivalents) by selling, offering to sell, and/or importing the Samsung Nexus S 4G phone. Their infringing acts are covered by, without limitation, claims 1 and 14 of the '885 Patent. The Sprint Defendants' willful infringement of the '885 Patent has caused substantial damage to E-Micro. The Sprint Defendants' infringing activities violate 35 U.S.C. § 271.

**Amazon's Infringement of the '885 Patent**

45.     Defendant Amazon has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '885 Patent by, without limitation, using, selling, offering to sell, and/or importing the Samsung Nexus S 4G phone. Amazon's infringing acts are covered by, without limitation, claim 1 of the '885 Patent. Amazon's infringement of the '885 Patent has caused substantial damage to E-Micro. Amazon's infringing activities violate 35 U.S.C. § 271.

**Best Buy Defendants' Infringement of the '885 Patent**

46.     The Best Buy Defendants have infringed and continue to infringe (literally and/or under the doctrine of equivalents), one or more claims of the '885 Patent by, without limitation, using, selling, offering to sell, and/or importing the Samsung Nexus S 4G phone. Their infringing acts are covered by, without limitation, claim 1 of the '885 Patent. The Best Buy Defendants' infringement of the '885 Patent has caused substantial damage to E-Micro. Best Buy's infringing activities violate 35 U.S.C. § 271.

## COUNT II

## DEFENDANTS' DIRECT INFRINGEMENT OF THE '198 PATENT

47.     E-Micro incorporates and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

48.     Each Defendant named in this lawsuit is liable for infringing one or more claims of the '198 Patent. None of the Defendants have obtained permission from E-Micro to use its inventions in the '198 Patent.

**Google's Infringement of the '198 Patent**

49.     Defendant Google has willfully infringed and continues to willfully infringe (literally and/or under the doctrine of equivalents) one or more claims of the '198 Patent by, without limitation, using the Samsung Nexus S 4G mobile phone and the Google Wallet application. Google's infringing uses include, but are not limited to, using the Nexus S 4G mobile phone and the Google Wallet application for testing, demonstration, and marketing purposes. For example, one such infringing use was conducted by a senior Google executive, Osama Bedier, publicly on May 26, 2011 at the Google Wallet Product Launch event before an audience that included Google's current and potential future partners as shown on a video uploaded to YouTube by Google at http://www.youtube.com/watch?v=am8t6iZ7up0.  On information and belief, Google's infringing acts are covered by, without limitation, claim 1 of the '198 Patent. Google's infringement of the '198 Patent has caused substantial damage to E-Micro. Google's infringing activities violate 35 U.S.C. § 271.

**Samsung Defendants' Infringement of the '198 Patent**

50.     The Samsung Defendants have infringed and continue to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '198 Patent by, without limitation,

using the Samsung Nexus S 4G mobile phone and the Google Wallet application. The Samsung Defendants' infringing uses include, but are not limited to, using the Nexus S 4G mobile phone and the Google Wallet application for testing, demonstration, marketing, and other purposes. Also, the Samsung Defendants have infringed and continues to infringe (literally and/or under the doctrine of equivalents) by selling, offering to sell, and importing the Samsung Nexus S 4G phone.  Their infringing acts are covered by, without limitation, claim 1 of the '198 Patent. The Samsung Defendants' willful infringement of the '198 Patent has caused substantial damage to E-Micro. The Samsung Defendants' infringing activities violate 35 U.S.C. § 271.

**Sprint Defendants' Infringement of the '198 Patent**

51.    The Sprint Defendants have infringed and continue to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '198 Patent by, without limitation, using the Samsung Nexus S 4G mobile phone and the Google Wallet application. The Sprint Defendants' infringing uses include, but are not limited to, using the Nexus S 4G mobile phone and the Google Wallet application for testing, demonstration, marketing, and other purposes. Also, the Sprint Defendants have infringed and continues to infringe (literally and/or under the doctrine of equivalents) by selling, offering to sell, and/or importing the Samsung Nexus S 4G phone.  Their infringing acts are covered by, without limitation, claim 1 of the '198 Patent. The Sprint Defendants' willful infringement of the '198 Patent has caused substantial damage to E-Micro. The Sprint Defendants' infringing activities violate 35 U.S.C. § 271.

**Amazon's Infringement of the '198 Patent**

52.    Defendant Amazon has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '198 Patent by, without limitation, using, selling, offering to sell, and/or importing the Samsung Nexus S 4G phone. Amazon's infringing

acts are covered by, without limitation, claim 1 of the '198 Patent. Amazon's infringement of the '198 Patent has caused substantial damage to E-Micro. Amazon's infringing activities violate 35 U.S.C. § 271.

**Best Buy Defendants' Infringement of the '198 Patent**

53.     The Best Buy Defendants have infringed and continue to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '198 Patent by, without limitation, using, selling, offering to sell, and/or importing the Samsung Nexus S 4G phone. Their infringing acts are covered by, without limitation, claim 1 of the '198 Patent. The Best Buy Defendants' infringement of the '198 Patent has caused substantial damage to E-Micro. Best Buy's infringing activities violate 35 U.S.C. § 271.

**COUNT III**

**DEFENDANTS' DIRECT INFRINGEMENT OF THE '658 PATENT**

54.     E-Micro incorporates and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

55.     Each Defendant named in this lawsuit is liable for infringing one or more claims of the '658 Patent. None of the Defendants have obtained permission from E-Micro to use its inventions in the '658 Patent.

**Google's Infringement of the '658 Patent**

56.     Defendant Google has willfully infringed and continues to willfully infringe (literally and/or under the doctrine of equivalents) one or more claims of the '658 Patent by, without limitation, using the Samsung Nexus S 4G mobile phone and the Google Wallet application. Google's infringing uses include, but are not limited to, using the Nexus S 4G mobile phone and the Google Wallet application for testing, demonstration, and marketing

purposes. For example, one such infringing use was conducted by a senior Google executive, Osama Bedier, publicly on May 26, 2011 at the Google Wallet Product Launch event before an audience that included Google's current and potential future partners as shown on a video uploaded to YouTube by Google at http://www.youtube.com/watch?v=am8t6iZ7up0.  On information and belief, Google's infringing acts are covered by, without limitation, claim 1 of the '658 Patent. Google's infringement of the '658 Patent has caused substantial damage to E-Micro. Google's infringing activities violate 35 U.S.C. § 271.

**Samsung Defendants' Infringement of the '658 Patent**

57.    The Samsung Defendants have infringed and continue to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '658 Patent by, without limitation, using the Samsung Nexus S 4G mobile phone and the Google Wallet application. The Samsung Defendants' infringing uses include, but are not limited to, using the Nexus S 4G mobile phone and the Google Wallet application for testing, demonstration, marketing, and other purposes. Also, the Samsung Defendants have infringed and continues to infringe (literally and/or under the doctrine of equivalents) by selling, offering to sell, and importing the Samsung Nexus S 4G phone.  Their infringing acts are covered by, without limitation, claim 1 of the '658 Patent. The Samsung Defendants' willful infringement of the '198 Patent has caused substantial damage to E-Micro. The Samsung Defendants' infringing activities violate 35 U.S.C. § 271.

**Sprint Defendants' Infringement of the '658 Patent**

58.    The Sprint Defendants have infringed and continue to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '658 Patent by, without limitation, using the Samsung Nexus S 4G mobile phone and the Google Wallet application. The Sprint Defendants' infringing uses include, but are not limited to, using the Nexus S 4G mobile phone

and the Google Wallet application for testing, demonstration, marketing, and other purposes. Also, the Sprint Defendants have infringed and continues to infringe (literally and/or under the doctrine of equivalents) by selling, offering to sell, and/or importing the Samsung Nexus S 4G phone. Their infringing acts are covered by, without limitation, claim 1 of the '658 Patent. The Sprint Defendants' willful infringement of the '658 Patent has caused substantial damage to E-Micro. The Sprint Defendants' infringing activities violate 35 U.S.C. § 271.

**Amazon's Infringement of the '658 Patent**

59.     Defendant Amazon has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '658 Patent by, without limitation, using, selling, offering to sell, and/or importing the Samsung Nexus S 4G phone. Amazon's infringing acts are covered by, without limitation, claim 1 of the '658 Patent. Amazon's infringement of the '658 Patent has caused substantial damage to E-Micro. Amazon's infringing activities violate 35 U.S.C. § 271.

**Best Buy Defendants' Infringement of the '658 Patent**

60.     The Best Buy Defendants have infringed and continue to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '658 Patent by, without limitation, using, selling, offering to sell, and/or importing the Samsung Nexus S 4G phone. Their infringing acts are covered by, without limitation, claim 1 of the '658 Patent. The Best Buy Defendants' infringement of the '658 Patent has caused substantial damage to E-Micro. The Best Buy Defendants' infringing activities violate 35 U.S.C. § 271.

## COUNT IV

## DEFENDANTS' WILLFUL INFRINGEMENT

61.     E-Micro incorporates and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

**Google's Willful Infringement**

62.     Defendant Google committed its acts of infringement willfully and without license or authorization from E-Micro. Google's infringement of the Patents-in-Suit has been and continues to be willful. For example and without limitation, on information and belief, Google viewed E-Micro's web site and certain of E-Micro's patents at least as early as September 2007 and on subsequent occasions before the filing of this action. It was only after having viewed E-Micro's web site and certain of E-Micro's patents, including the very first "Wallet Consolidator" patent – U.S. Patent No. 6,131,811, that Google then later introduced the Google Wallet application for electronically storing and retrieving credit card and other card-related information for facilitating point-of-sale transactions. Google has disregarded and continues to disregard an objectively high likelihood that its actions constitute infringement of the Patents-in-Suit. The objectively-defined risk has been known or so obvious that it should have been known to Google. Google's willful infringement of the Patents-in-Suit has caused substantial damage to E-Micro.

**Samsung Defendants' Willful Infringement**

63.     The Samsung Defendants committed their acts of infringement willfully and without license or authorization from E-Micro. Their infringement of the Patents-in-Suit has been and continues to be willful. For example and without limitation, on information and belief, Google viewed E-Micro's web site and certain of E-Micro's patents at least as early as

September 2007 and on subsequent occasions before the filing of this action. It was only after having viewed E-Micro's web site and certain of E-Micro's patents, including the very first "Wallet Consolidator" patent – U.S. Patent No. 6,131,811, that Google then later introduced the Google Wallet application for electronically storing and retrieving credit card and other card-related information for facilitating point-of-sale transactions. In March 2011, Google joined the NFC Forum as a principal member. Samsung was already a member of the NFC forum at that time. On information and belief, Samsung obtained knowledge about E-Micro and its patented technology via its joint membership and collaboration with Google via the NFC Forum. Samsung was a Sponsor member of the NFC Forum, the highest level of membership. On information and belief, Samsung also obtained pre-suit knowledge of E-Micro and E-Micro's patented technology as a founding partner with Google in the Google Wallet project. The Samsung Defendants have disregarded and continue to disregard an objectively high likelihood that their actions constitute infringement of the Patents-in-Suit. The objectively-defined risk has been known or so obvious that it should have been known to the Samsung Defendants. The Samsung Defendants' willful infringement of the Patents-in-Suit has caused substantial damage to E-Micro.

**Sprint Defendants' Willful Infringement**

64. The Sprint Defendants committed their acts of infringement willfully and without license or authorization from E-Micro. Their infringement of the Patents-in-Suit has been and continues to be willful. For example and without limitation, on information and belief, Google viewed E-Micro's web site and certain of E-Micro's patents at least as early as September 2007 and on subsequent occasions before the filing of this action. It was only after having viewed E-Micro's web site and certain of E-Micro's patents, including the very first "Wallet Consolidator"

patent – U.S. Patent No. 6,131,811, that Google then later introduced the Google Wallet application for electronically storing and retrieving credit card and other card-related information for facilitating point-of-sale transactions. In March 2011, Google joined the NFC Forum as a principal member. Sprint was already a member of the NFC forum at that time. On information and belief, Sprint obtained knowledge about E-Micro and its patented technology via its joint membership and collaboration with Google via the NFC Forum. On information and belief, Sprint also obtained pre-suit knowledge of E-Micro and E-Micro's patented technology as a founding partner with Google in the Google Wallet project. The Sprint Defendants have disregarded and continue to disregard an objectively high likelihood that their actions constitute infringement of the Patents-in-Suit. The objectively-defined risk has been known or so obvious that it should have been known to the Sprint Defendants. The Sprint Defendants' willful infringement of the Patents-in-Suit has caused substantial damage to E-Micro.

COUNT V

DEFENDANTS' CONTRIBUTORY INFRINGEMENT

65.     E-Micro incorporates and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

**Google's Contributory Infringement**

66.     Defendant Google has willfully contributorily infringed and continues to willfully contributorily infringe (literally and/or under the doctrine of equivalents) one or more claims of each of the Patents-in-Suit by, without limitation, providing, selling, and/or offering to sell the Google Wallet application. The Google Wallet application is not a staple article of commerce and has no substantial non-infringing uses. Google's actions contribute to the direct infringement of each of the Patents-in-Suit by consumers, businesses, Samsung Defendants, Sprint

Defendants, Amazon, Best Buy Defendants, and others that use, sell, offer to sell, and/or import within the United States the Samsung Nexus S 4G. Google's willful contributory infringement of the Patents-in-Suit has caused substantial damage to E-Micro. Google's infringing activities violate 35 U.S.C. § 271.

**Samsung Defendants' Contributory Infringement**

67.     The Samsung Defendants have willfully contributorily infringed and continue to contributorily infringe (literally and/or under the doctrine of equivalents) one or more claims of each of the Patents-in-Suit by, without limitation, selling, offering to sell, and/or importing within the United States the Secure Element (based on an NXP Semiconductors PN65 chip) component that is a part of the Samsung Nexus S 4G mobile phone. The Secure Element component is not a staple article of commerce and has no substantial non-infringing uses. On information and belief, the Secure Element was designed to store credit card and other information and run programs for point-of-sale transactions using the infringing Samsung Nexus S 4G phone. The Samsung Defendants' actions contribute to the direct infringement of one or more claims of each of the Patents-in-Suit by consumers, businesses, mobile phone resellers/retailers, the Sprint Defendants, Amazon, the Best Buy Defendants, and others that use, sell, offer to sell, and/or import within the United States the Samsung Nexus S 4G and Google Wallet. The Samsung Defendants' willful contributory infringement of each of the Patents-in-Suit has caused substantial damage to E-Micro. The Samsung Defendants' infringing activities violate 35 U.S.C. § 271.

**Sprint Defendants' Contributory Infringement**

68.     The Sprint Defendants have willfully contributorily infringed and continue to contributorily infringe (literally and/or under the doctrine of equivalents) one or more claims of

each of the Patents-in-Suit by, without limitation, selling, offering to sell, and/or importing within the United States the Secure Element (based on an NXP Semiconductors PN65 chip) component that is a part of the Samsung Nexus S 4G mobile phone. The Secure Element component is not a staple article of commerce and has no substantial non-infringing uses. On information and belief, the Secure Element was designed to store credit card and other information and run programs for point-of-sale transactions using the infringing Samsung Nexus S 4G phone. The Sprint Defendants' actions contribute to the direct infringement of one or more claims of each of the Patents-in-Suit by consumers, businesses, mobile phone resellers/retailers, Amazon, the Best Buy Defendants, and others that use, sell, offer to sell, and/or import within the United States the Samsung Nexus S 4G and Google Wallet. The Sprint Defendants' willful contributory infringement of each of the Patents-in-Suit has caused substantial damage to E-Micro. The Sprint Defendants' infringing activities violate 35 U.S.C. § 271.

## COUNT VI

## DEFENDANTS' INDUCEMENT OF INFRINGEMENT

69.     E-Micro incorporates and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

**Google's Inducement of Infringement**

70.     Defendant Google has willfully induced and continues to willfully induce infringement of (literally and/or under the doctrine of equivalents) one or more claims of each of the Patents-in-Suit. Google's deliberate actions include, but are not limited to, developing and distributing the Google Wallet application, recruiting its corporate partners (e.g., Sprint, Samsung, First Data, Citigroup, and MasterCard) for the Google Wallet program; developing and distributing the Android operating system; actively recruiting new partners to join the

Google Wallet program; instructing consumers and others about how to use the Samsung Nexus S 4G phone to perform point-of-sale transactions; instructing consumers and others about how to use Google Wallet via mobile phones such as the Samsung Nexus S 4G phone to perform point-of-sale transactions; and/or actively marketing and encouraging broad use of the Google Wallet system, These actions, individually and collectively, have induced and continue to induce the direct infringement of each of the Patents-in-Suit by consumers, businesses, mobile phone resellers/retailers, the Samsung Defendants, the Sprint Defendants, Amazon, the Best Buy Defendants, and others using the Samsung Nexus S 4G mobile phone and the Google Wallet application. These actions have also induced and continue to induce the direct infringement of each of the Patents-in-Suit by the Samsung Defendants, Sprint Defendants, Amazon, Best Buy Defendants, and mobile phone resellers/retailers to import, sell, and/or offer to sell the Samsung Nexus S 4G phone. Google's willful inducement of infringement of each of the Patents-in-Suit has caused substantial damage to E-Micro. Google's infringing activities violate 35 U.S.C. § 271.

**Samsung Defendants' Inducement of Infringement**

71.    The Samsung Defendants have willfully induced and continue to willfully induce infringement of (literally and/or under the doctrine of equivalents) one or more claims of each of the Patents-in-Suit. The Samsung Defendants' deliberate actions include, but are not limited to, instructing consumers and others about how to use the Samsung Nexus S 4G phone to perform point-of-sale transactions; instructing consumers and others about how to use Google Wallet via mobile phones such as the Samsung Nexus S 4G phone to perform point-of-sale transactions; and actively marketing and encouraging the use, sale, offer to sell, and import within the United States of the Samsung Nexus S 4G phone and Google Wallet application by consumers,

businesses, mobile phone resellers/retailers, the Sprint Defendants, Amazon, the Best Buy Defendants, and others.  These actions have induced and continue to induce infringement of each of the Patents-in-Suit by consumers, businesses, mobile phone resellers/retailers, the Sprint Defendants, Amazon, the Best Buy Defendants, and others. The Samsung Defendants' willful inducement of infringement of each of the Patents-in-Suit has caused substantial damage to E-Micro. The Samsung Defendants' infringing activities violate 35 U.S.C. § 271.

**Sprint Defendants' Inducement of Infringement**

72.    The Sprint Defendants have willfully induced and continue to willfully induce infringement of (literally and/or under the doctrine of equivalents) one or more claims of each of the Patents-in-Suit. The Sprint Defendants' deliberate actions include, but are not limited to, instructing consumers and others about how to use the Samsung Nexus S 4G phone to perform point-of-sale transactions; instructing consumers and others about how to use Google Wallet via mobile phones such as the Samsung Nexus S 4G phone to perform point-of-sale transactions; and actively marketing and encouraging the use, sale, offer to sell, and import within the United States of the Samsung Nexus S 4G phone and Google Wallet application by consumers, businesses, mobile phone resellers/retailers, Amazon, the Best Buy Defendants, and others. These actions have induced and continue to induce infringement of each of the Patents-in-Suit by consumers, businesses, mobile phone resellers/retailers, Amazon, the Best Buy Defendants, and others. The Sprint Defendants' willful inducement of infringement of each of the Patents-in-Suit has caused substantial damage to E-Micro. The Sprint Defendants' infringing activities violate 35 U.S.C. § 271.

**DAMAGES**

73.      E-Micro incorporates and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

74.      Each of Defendants' acts of infringement has caused substantial damage to E-Micro. As a direct and proximate consequence of the acts and practices of each of the Defendants, E-Micro has been, is being, and will continue to be injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284.

75.      Each Defendant is liable to E-Micro for such infringement, and as a result, E-Micro seeks recovery of the following damages:

   a.   E-Micro seeks damages to adequately compensate it for Defendants' infringement of the Patents-in-Suit. Such damages should be no less than the amount of a reasonable royalty under 35 U.S.C. § 284.

   b.   Based on information and belief, E-Micro contends that Defendants' acts of infringement have been and are willful, as described in the preceding paragraphs. Therefore, under 35 U.S.C. § 284, E-Micro seeks a finding of willfulness and recovery of enhanced damages up to three times the amount of damages found by the trier of fact. E-Micro further seeks recovery of its reasonable attorneys' fees and expenses under 35 U.S.C. § 285. E-Micro further seeks pre-judgment and post-judgment interest at the maximum rate permitted by law.

**PRAYER FOR RELIEF**

76.      E-Micro is entitled to and pray for relief on all claims as follows:

a. A judgment that each of the Patents-in-Suit is infringed, directly and/or indirectly, either literally and/or under the doctrine of equivalents, by Defendants as described herein;

b. A judgment and order preliminarily and permanently enjoining each Defendant, its officers, directors, agents, servants, employees, affiliates, attorneys, representatives, successors and assigns, and those acting in privity or in concert with them, and their parents, subsidiaries, and divisions from further acts of direct infringement, contributory infringement, and/or inducing infringement of the each of the Patents-in-Suit in accordance with 35 U.S.C. § 283;

c. A judgment and order requiring each Defendant to pay E-Micro all damages adequate to compensate for each Defendant's infringement of E-Micro's patents under 35 U.S.C. § 284, and in no event less than a reasonable royalty.  Such damages shall include treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of the final Judgment with an accounting as needed;

d. A judgment and order requiring each Defendant to pay E-Micro pre-judgment and post-judgment interest at the maximum rate permitted by law on the damages awarded;

e. A judgment and order finding this case to be an exceptional case and requiring each Defendant to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285; and

f. Such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

77.     E-Micro hereby request a trial by jury on each claim for relief alleged in this

Complaint.

Dated: September 8, 2011.


Respectfully submitted,


_____

**EDWARD CHIN**, Attorney in Charge
STATE BAR NO. 50511688
**D. NEIL SMITH**
STATE BAR NO. 00797450
**ANTHONY BRUSTER**
STATE BAR NO. 24036280
**NICOLE REED KLIEWER**
STATE BAR NO. 24041759
**ANDREW J. WRIGHT**
STATE BAR NO. 24063927
**EDWARD B. CLOUTMAN, IV**
STATE BAR NO. 24074045
**NIX PATTERSON & ROACH, L.L.P.**
5215 N. O'Connor Blvd., Suite 1900
Irving, Texas 75039
972.831.1188 (telephone)
972.444.0716 (facsimile)
edchin@me.com
dneilsmith@mac.com
akbruster@me.com
nicolekliewer@nixlawfirm.com
andrewjwright@me.com
edcloutman@nixlawfirm.com

**DEREK GILLILAND**
STATE BAR NO. 24007239
**NIX PATTERSON & ROACH, L.L.P.**
205 Linda Drive
Daingerfield, Texas 75638
903.645.7333 (telephone)

903.645.5389 (facsimile)
dgilliland@nixlawfirm.com

**R. Benjamin King**
Texas State Bar No. 24048592
**Nix Patterson & Roach L.L.P.**
2900 St. Michael Drive, Suite 500
Texarkana, Texas  75503
903.223.3999 (telephone)
903.223.8520 (facsimile)
benking@nixlawfirm.com


**ATTORNEYS FOR PLAINTIFF
E-MICRO CORPORATION**